**BALL, BALL & BROSAMER, INC. and Ball & Brosamer (JV), Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 89–1017.**

United States Court of Appeals,
Federal Circuit.

July 7, 1989.

John R. Little, Jr. of Duncan, Weinberg, Miller & Pembroke, Denver, Colo., argued for appellant. With him on the brief was Charles F. Holum of Duncan, Weinberg, Miller & Pembroke, Denver, Colo. Of counsel were Gilbert J. Ginsberg of Epstein, Becker & Green, Washington, D.C. and Donald O. Loeb of Sparks & Siler, Scottsdale, Ariz.

E. Richard Southern, of the Civil Div., Dept. of Justice, Washington, D.C., argued for appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Mary Mitchelson, Asst. Director. Of counsel was Daniel L. Jackson, U.S. Dept. of the Interior.

Before FRIEDMAN and RICH, Circuit Judges, and BENNETT, Senior Circuit Judge.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Interior Board of Contract Appeals (Board) dismissing appeals in two consolidated cases from decisions of the contracting officer denying the contractor's claims for additional compensation. The ground of dismissal was that the claims were not properly certified under the Contract Disputes Act of 1978 (Act), 41 U.S.C. § 605(c)(1) (1982), because the certifications of the claims were not signed by a person authorized to certify claims under the Act. *Appeal of Ball, Ball & Brosamer, Inc.,* 88–3 BCA (CCH) ¶ 20,844 (1988). We affirm.

I

The Bureau of Reclamation awarded one contract to a joint venture composed of Ball, Ball & Brosamer, Inc., and Ball & Brosamer (JV) (joint venture), and the other to a corporation, Ball, Ball & Brosamer, Inc. (corporation). Both contracts were signed by Robert G. Brosamer, as president of Ball, Ball & Brosamer, Inc., for the corporation, and as co-joint venturer for the joint venture.

Disputes arose over both contracts, and the contractor submitted to the contracting officer a claim under each contract. Since each claim was for more than $50,000, the Act required that it be certified. Each claim was certified by Don Meek.

The contracting officer denied each claim, and the contractor appealed both decisions to the Board. The government moved to dismiss the appeals, on the ground that under the Act Mr. Meek was not authorized to certify the claims. In response, Mr. Meek filed an affidavit stating:

I am Chief Cost Engineer of Ball, Ball & Brosamer, Inc.... My job is to supervise and administer all cost and claim aspects of the performance and administration of BBB's contracts. I am responsible for maintaining cost records and for

obtaining payment under proposals and claims. I am responsible for preparing claims. After due consultation with my superior, BBB's President, Robert Brosamer, I certify and submit claims to the contracting officer.

Mr. Meek's affidavit further stated: "I have the authority to sign claims on behalf of BBB."

The corporation's president, Robert G. Brosamer, also filed an affidavit, which stated:

The Chief Cost Engineer is a senior management level position and Mr. Meek reports directly to me. Mr. Meek is the senior official at BBB working on all cost and claim aspects of all corporate contracts....

. . . .

Mr. Meek's job entails overall supervision and administration of all cost & claim aspects of the performance and completion of all of the contracts that this firm has at a given time....

. . . .

Mr. Meek is directly responsible to me and essentially functions as our senior contracts claims manager. I provide him with general policy direction but he has the authority to proceed with claims within these general guidelines. Since he is, therefore, directly responsible for preparation of all claims, he also has sufficient background and knowledge of facts and costs contained in the claim to fully and truthfully certify to their completeness and accuracy. I do provide Mr. Meek with specific decisions or instructions on important issues that he brings to me for determination and occasionally participate personally in important negotiations with owners on claims. Otherwise, he is fully responsible and has full authority to handle claim matters within this management and policy framework.

Mr. Meek accordingly has full authority ... to sign documents, including claim certifications, on behalf of the corporation....

Since Mr. Meek is a duly authorized agent of the corporation and has the authority to sign and certify claims on behalf of the corporation, I also hereby ratify and confirm his authority to act in this capacity.

The Board considered these affidavits and concluded that "while the signer [Mr. Meek] may have been a senior level official, ... there is no indication that he had the *general* corporate authority that the FAR [Federal Acquisition Regulation] clause contemplates." The Board ruled:

In summary, we hold that the claim certification signing requirements of the FAR must be strictly construed, and that consequently such certifications can be made only by general officers of the corporations, or their equivalent with respect to other entities, or by senior onsite managers. Since no such certifications were provided to the contracting officer in the cases before us, and since the certification requirement is jurisdictional, these appeals must be dismissed pending resubmission of the claims, with proper certification, to the contracting officer involved.

## II

As noted, two separate appeals were filed to the Board, by the joint venture and by the corporation. The Board consolidated these appeals for purposes of the government's motion to dismiss. The notice of appeal to this court and the appellant's brief were filed only by the joint venture. In its brief the government argued that the claim of the corporation is not properly before this court because only the joint venture and not the corporation filed the notice of appeal. In response, the joint venture moved, pursuant to rule 43(b) of the Federal Rules of Appellate Procedure, to substitute the corporation as the appellant because the corporation is the real party in interest. The government opposes substitution.

Since we conclude that the Board correctly held that Mr. Meek was not entitled to certify the claims—a conclusion that results in affirmance of the Board's decision dismissing the appeals—we find it unnecessary to determine whether to allow the substitution. There is no question that the

joint venture is a proper appellant, and its presence here is enough to give us jurisdiction to decide the certification issue.

Both the joint venture and the corporation have resubmitted their claims to the contracting officer, accompanied by certifications that the government apparently does not challenge. The contracting officer has denied at least one and perhaps both of the recertified claims. The Board will be able to decide the merits of both claims in any appeals the contractor may file from the contracting officer's new decisions, without regard to who is the proper appellant in this case.

### III

Section 6(c)(1) of the Act provides in pertinent part:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

41 U.S.C. § 605(c)(1) (1982).

Unless the contractor has submitted a properly certified claim to the contracting officer, there is no valid claim, the denial of which is an appealable decision of the contracting officer. *Milmark Servs., Inc. v. United States*, 231 Ct.Cl. 954, 956 (1982); *W.H. Moseley Co. v. United States*, 677 F.2d 850 (Ct.Cl.), *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352, 354 (Ct.Cl.1982).

A Federal Acquisitions Regulation (FAR) 33.207, 48 C.F.R. § 33.207 (1988), promulgated by the Administrator of Federal Procurement Policy, provides in part:

> (c)(1) If the contractor is an individual, the certification shall be executed by that individual.
>
> (2) If the contractor is not an individual, the certification shall be executed by—

> (i) A senior company official in charge at the contractor's plant or location involved; or
>
> (ii) An officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

The parties agree that this regulation, the operative language of which also appears in the disputes clause of both contracts, applies to the present dispute.

Mr. Meek does not satisfy either of the requirements of subsection (c)(2). Even assuming that the chief cost engineer was a "senior company official" within the meaning of that provision, he was not "in charge at the contractor's plant or location involved" (subsection (c)(2)(i)), and he did not have "overall responsibility for the conduct of the contractor's affairs" (subsection (c)(2)(ii)). The fact that Mr. Meek may have had "authority to sign and certify claims on behalf of the corporation," as the corporation's president stated he had, does not establish that Mr. Meek comes within either of the two categories of persons the regulation authorizes to execute certifications of claims.

The appellant urges us to construe the regulation more broadly as covering a company official who is authorized to submit and certify claims on behalf of the company. The appellant relies on the following statement by Admiral Rickover made during the hearings on the Act, which apparently was the source of the certification requirement:

> [the Act should r]equire as a matter of law that prior to evaluation of any claim, the contractor must submit to the Government a *certificate signed by a senior responsible contractor official*, which states that the claim and its supporting data are current, complete and accurate. In other words, you put the contractor in the same position as our working man, the income tax payer who must certify his tax return....

*Contract Disputes Act of 1978: Joint Hearings on S. 2292, S. 2787 & S. 3178 Before the Subcomm. on Federal Spending Practices and Open Government of*

*the Senate Comm. on Governmental Affairs and the Subcomm. on Citizens and Shareholders Rights and Remedies of the Senate Comm. on the Judiciary,* 95th Cong., 2d Sess. 21 (1978) (emphasis added).

We apply the regulation as written, and we reject the appellant's proposal to expand the regulation beyond its terms. The regulation is unambiguous, and the appellant does not assert that it was unable to determine who among its officials was authorized to certify. Indeed, after the government challenged before the Board Mr. Meek's authority to certify, the appellant apparently had no difficulty in executing a proper certification.

The Act merely provides that "the contractor shall certify." The regulation constitutes a reasonable explication of how the "contractor" shall certify, *i.e.,* it identifies the individuals within the contractor's organization who properly may act for the contractor in certifying. *Cf. INS v. Jong Ha Wang,* 450 U.S. 139, 144–45, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). In terms of Admiral Rickover's suggestion, the regulation specifies the "senior responsible contractor official[s]" who are authorized to sign the certification.

The certification requirement furthers an important objective of Congress by "trigger[ing] a contractor's potential liability for a fraudulent claim under section 604 of the Act," *Skelly & Loy v. United States,* 231 Ct.Cl. 370, 685 F.2d 414, 418 n. 11 (1982), and thus " 'discourag[ing] the submission of unwarranted contractor claims.' " *Paul E. Lehman, Inc. v. United States,* 673 F.2d 352, 354 (Ct.Cl.1982) (quoting S.Rep. No. 1118, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5239). "Congress wanted to hold the contractor personally liable, and it considered the best way to do this would be to require contractors personally to certify their claims." *Donald M. Drake Co. v. United States,* 12 Cl.Ct. 518, 519 (1987). The regulation properly implements this objective by specifying the persons in the contractor's organization who may certify a claim.

## CONCLUSION

The decision of the Interior Board of Contract Appeals dismissing the appeals in these cases for lack of jurisdiction is

AFFIRMED.