**NATIONAL SURETY CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 473–88C.

United States Claims Court.

May 15, 1990.

As Corrected May 16, 1990.

Richard L. Lambe, with whom was Randall R. Steichen, Seattle, Wash., for plaintiff.

Steven A. Hemmat, with whom was Asst. Atty. Gen. Stuart M. Gerson and David M. Cohen, Washington, D.C., for defendant. Kenneth McKenzie, Dept. of Veterans Affairs, of counsel.

## OPINION

ROBINSON, Judge.

This case is before the court on defendant's motion to dismiss, pursuant to RUSCC 12(b)(1), for lack of subject matter jurisdiction. Defendant contends that plaintiff, National Surety Corporation (National), did not properly certify its claim to the contracting officer in accordance with the requirements of the Contract Disputes Act of 1978 (CDA), and therefore this court lacks subject matter jurisdiction. National argues that Jon Elmgren, Senior Surety Claims Specialist for Fireman's Fund Insurance Company (Fireman's Fund), properly certified its claim. Oral argument was held April 13, 1990. For the following reasons, defendant's motion to dismiss will be granted.

### Factual Background

In 1983, the Department of Veteran Affairs (VA) entered into a contract with Dugdale Construction Company (Dugdale) for the completion of Phase II of the Water Distribution System at the VA Hospital in Ft. Harrison, Montana. The VA subsequently declared Dugdale to be in default of its obligations under the contract. National, as Dugdale's surety, assumed the contractual duties under a takeover agreement with the VA in January of 1985. Michael Bowen, General Adjuster of Fireman's Fund Insurance Company, signed the takeover agreement on behalf of National. National and the VA entered into a supplemental agreement in October of 1985. The supplemental agreement was signed on behalf of National by Jon Elmgren of Fireman's Fund Insurance Company. National is a wholly-owned subsidiary of Fireman's Fund.[1] National, in turn, arranged for Pederson Construction Company to act as completion contractor.

On July 31, 1986, National submitted a certified claim and request for an equitable adjustment in the amount of $711,902 to the contracting officer.[2] The claim was signed by Jon Elmgren as Senior Surety Claims Specialist for Fireman's Fund at the Seattle branch office.[3] By decision of Au-

---

1. National Surety, an Illinois corporation, is one of several wholly-owned subsidiaries that together comprise Fireman's Fund Insurance Companies. The corporate structure of the parent and subsidiaries has been set out as Exhibit A to the Affidavit of Bruce A. Cliff in Opposition to Defendant's Motion to Dismiss.

2. The claim of Montana Lawn Services, Inc., a subcontractor, has since been settled and plaintiff's complaint now sets forth an adjusted claim of $580,501.

3. The attempted certification was signed as follows:

   /s/_____
   Jon Elmgren
   Senior Surety Claims Specialist
   FIREMAN'S FUND INSURANCE COMPANY

gust 14, 1987, the contracting officer denied plaintiff's claim. National then bypassed the VA Board of Contract Appeals (BCA) and filed a complaint on August 10, 1988, seeking *de novo* review in the Claims Court. Defendant's motion to dismiss for lack of subject matter jurisdiction contends that Jon Elmgren was not qualified to certify National's claim.

## DISCUSSION

For the purposes of a motion to dismiss for lack of subject matter jurisdiction pursuant to RUSCC 12(b)(1), the court must accept as true any undisputed allegations of fact made by plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Darden v. United States*, 18 Cl.Ct. 855, 856 (1989). Where there are disputed facts relevant to the issue of jurisdiction, the court is required to decide those facts. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 747 (Fed.Cir.1988); *Hedman v. United States*, 15 Cl.Ct. 304, 306 (1988). The burden is on plaintiff to establish jurisdiction. *Metzger, Shadyac & Schwartz v. United States*, 10 Cl.Ct. 107, 109 (1986).

Plaintiff alleges jurisdiction under the CDA, 41 U.S.C. § 601 *et seq.* The CDA sets forth the procedures to be followed in a dispute between a contractor and the Government. The CDA requires that a claim of more than $50,000 be certified by the contractor and submitted to the agency's contracting officer for a decision. A contractor may appeal an adverse decision to the agency's BCA or the Claims Court. The relevant statutory provision requires:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

41 U.S.C. § 605(c)(1). Further guidance as to who can certify a claim is provided by Federal Acquisition Regulation 33.207(c)(2), codified at 48 C.F.R. 33.207(c)(2). That regulation provides:

> If the contractor is not an individual, the certification shall be executed by—
>
> (i) A senior company official in charge at the contractor's plant or location involved;
>
> or
>
> (ii) An officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

The acquisition specified which representative of the contractor must certify a claim and is unambiguous. *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426 (Fed.Cir.1989).

The purpose of certification is to discourage unwarranted claims and to encourage prompt settlements. *Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl. 11, 14, 673 F.2d 352 (1982), citing *Folk Construction Co. v. United States*, 226 Ct.Cl. 602 (1981). Also, certification triggers "a contractor's potential liability for a fraudulent claim under section 604 of the Act." *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426 (Fed.Cir.1989), *quoting Skelly & Loy v. United States*, 231 Ct.Cl. 370, 376 n. 11, 685 F.2d 414 (1982). In addition, interest on the contractor's claim, if eventually successful, starts from the time the claim is properly certified to the contracting officer. 41 U.S.C. § 611. No interest can accrue on an uncertified claim. *Fidelity Construction Company v. United States*, 700 F.2d 1379, 1384 (Fed.Cir.1983), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983). As a result, if a claim is not properly certified, a potentially large amount of money can be lost, depending on the size of the claim. In light of these purposes, the certification requirement is strictly construed. *Al Johnson Construction Co. and Massman Construction Co. v. United States*, 19 Cl.Ct. 732, 738 (1990); *Triax Co. v. United States*, 17 Cl.Ct. 653, 658 (1989).

Proper certification is a prerequisite to subject matter jurisdiction in an agency BCA or in the Claims Court. *W.H. Moseley Co., Inc. v. United States*, 230 Ct.Cl. 405, 677 F.2d 850 (1982); *25 New Chardon Street Ltd. Partnership v. United States*,

19 Cl.Ct. 208, 210 (1990); *Aeronetics Div., AAR Brooks & Perkins Corp. v. United States*, 12 Cl.Ct. 132, 137 (1987). Since the certification requirement is jurisdictional, the complaint must be dismissed if certification is defective. *Palmer & Sicard, Inc. v. United States*, 4 Cl.Ct. 420, 422 (1984).[4] A decision by the contracting officer on an improperly certified claim is a legal nullity. *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1384 (Fed.Cir.1983). Further, the contracting officer cannot waive jurisdictional requirements in this court. *Spirit Leveling Contractors v. United States*, 19 Cl.Ct. 84, 92 (1989).

■ National submitted a claim for $711,902. Since National's claim is for more than $50,000, the certification requirement applies. Mr. Elmgren, an employee of Fireman's Fund only, signed National's purported certification. The statute specifically requires certification by the contractor, the definition of which is strictly construed. *Donald M. Drake v. United States*, 12 Cl.Ct. 518, 519 (1987). The contractor and plaintiff in this case is National. The certification must be signed by a senior official or officer of National. Although National may be a wholly-owned subsidiary of Fireman's Fund, National still has a separate and distinct corporate identity which must be recognized. *McKinney v. Gannett Co., Inc.*, 817 F.2d 659, 665–66 (10th Cir.1987); *Tennessee Valley Authority v. Exxon Nuclear Co.*, 753 F.2d 493, 497 (6th Cir.1985); *Securities Industry Assn. v. Fed. Home Loan Bank Bd.*, 588 F.Supp. 749, 754 (D.D.C.1984).

No senior official, officer, or any employee of National certified the claim and National has not asserted that it has no officer who could fulfill the statutory and regulatory requirements. *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426, 1429 (Fed.Cir.1989).[5] Therefore, the certification of Jon Elmgren, as an employee of Fireman's Fund, is ineffective as certification for National Surety, Inc., under the plain language of the statute. *W.H. Moseley Co., Inc. v. United States*, 230 Ct.Cl. 405, 407, 677 F.2d 850 (1982).

Plaintiff argues that both the takeover and supplemental agreements with the VA were signed by Fireman's Fund on behalf of National. Plaintiff also states in its brief that "Fireman's Fund is responsible for the administration of all matters relating to bonds issued by its subsidiaries. National itself does not have any employees to handle the administration of bonds and claims made pursuant to those bonds." National seems to argue that because of the corporate relationship between National and Fireman's Fund, and because Fireman's Fund was a party to a Government contract, Fireman's Fund should be treated as the contractor. 41 U.S.C. § 601(4).

Even if the court could treat Fireman's Fund as the contractor, Jon Elmgren would still have to meet the requirements of the regulation. Plaintiff would therefore have to meet either of the two alternatives of 48 C.F.R. 33.207(c)(2). The first regulatory alternative would require Jon Elmgren to be "a senior company official" *and* "in charge at the contractor's plant or location involved." 48 C.F.R. 33.207(c)(2)(i) (emphasis added). National stresses that Jon Elmgren was the appropriate official to certify the claim. Jon Elmgren, in his affidavit states, "[w]hen I certified National's claim, I was the senior company official for National (through Fireman's Fund) at the Seattle Branch Office involved with the bond and the construction project." However, the regulation requires Jon Elmgren to be *a* senior company official. A recent Claims

---

**4.** National cannot now attempt to properly certify the claim and have it apply retroactively. *W.M. Schlosser Co., Inc. v. United States*, 705 F.2d 1336, 1338 (Fed.Cir.1983); *Aeronetics Div., AAR Brooks & Perkins Corp. v. United States*, 12 Cl.Ct. 132, 138 (1987). Rather, the complaint must be dismissed and National can then properly certify the claim, resubmit the claim to the contracting officer, and if necessary, re-appeal the decision to either the VABCA or the Claims

Court. *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 377, 685 F.2d 414 (1982); *Fredenburg v. United States*, 10 Cl.Ct. 216, 219 (1986). For this reason the complaint will be dismissed *without* prejudice.

**5.** At oral argument plaintiff stated that the president of National would re-certify the claim if the court granted defendant's motion.

Court case considered the regulation's use of the article "a" rather than "the" in the first regulatory alternative. Judge Bruggink held that "[t]he reasonable inference to be drawn [from this regulation] is that the person must be a senior official within the company, not just the most senior person on site." *Al Johnson Construction Co. and Massman Construction Co. v. United States,* 19 Cl.Ct. 732 at 736 (1990).[6]

The court finds Judge Bruggink's reasoning persuasive. Plaintiff has not shown that Jon Elmgren was *a* senior official of either National or Fireman's Fund. Plaintiff relies entirely on the case of *Transamerica Ins. Co. v. United States,* 6 Cl.Ct. 367 (1984), stating that it is squarely on point and therefore controls the certification issue in this case. In *Transamerica,* the certification was signed by an individual identified as a bond claim attorney. In an affidavit the bond claim attorney identified himself as the senior company official in charge of matters relating to the contract. Based on the affidavit, Judge White held that the bond claim attorney satisfied the certification requirements. Here, Jon Elmgren has also submitted an affidavit stating that he is the senior company official in charge of the VA construction project. However, it is not sufficient for plaintiff to state that he is the senior company official in charge. "[National] has the burden of showing from the particular facts and circumstances that [Jon Elmgren] met the regulatory requirement." *Al Johnson Construction Co. and Massman Construction Co. v. United States,* 19 Cl.Ct. at 737 (1990). Plaintiff has not met this burden.[7] While concern may be raised that the certification requirement is drawn too narrowly, the Federal Circuit has directed that the regulation be applied as

written. *Ball, Ball & Brosamer, Inc. v. United States,* 878 F.2d 1426, 1429 (Fed. Cir.1989).[8] Therefore, applying the plain language of the regulation, National does not meet the regulatory requirements.

Even assuming that, as a senior surety claims specialist, Jon Elmgren was a senior company official, plaintiff has not established that Jon Elmgren was "in charge at the contractor's plant or location involved." *Ball, Ball & Brosamer, Inc. v. United States,* 878 F.2d 1426, 1428 (Fed.Cir.1989). Plaintiff's only evidence as to the on-site requirement was contained in the Affidavit of Bruce A. Cliff, Assistant Manager and Surety Counsel for Fireman's Fund. Mr. Cliff stated that, "Mr. Elmgren also had overall day-to-day *on-site* responsibility for all matters pertaining to completion on the project at issue." (Emphasis in original.) The affidavit of Jon Elmgren does not address this requirement. This lone statement does not establish that Jon Elmgren was physically on-site in Montana.

Plaintiff suggested at oral argument, for the first time, that "the contractor's plant or location involved" could be Fireman's Fund Seattle branch office instead of the Montana construction site. No authority for the interpretation of this requirement was offered. While the court has found no authority directly on point, the cases suggest that "the contractor's plant or location involved" means the job site. "It was also apparent that he [chief cost engineer] was not physically located at the site of contract performance." *Al Johnson Construction Co. and Massman Construction Co. v. United States,* 19 Cl.Ct. at 735 (1990); *see also Triax Co. v. United States,*

---

**6.** Here, this would mean that although Jon Elmgren may have been the most senior company official at Fireman's Fund Seattle branch office involved with the VA construction project, that does establish that he is a senior company official of Fireman's Fund overall, or of National.

**7.** The Federal Circuit further held in *Ball* that although an individual has authority to certify claims on behalf of the contractor, that does not establish that the individual meets the regulatory requirements. *Ball, Ball & Brosamer, Inc.*

*v. United States,* 878 F.2d 1426, 1428 (Fed.Cir. 1989).

**8.** Indeed, it may not be possible to meet the requirements of the first regulatory alternative. Judge Bruggink addressed this eventuality holding that "[t]he regulation contemplates the possibility that there may not be a senior company official who is in charge at the site." *Al Johnson Construction Co. and Massman Construction Co. v. United States,* 19 Cl.Ct. at 736 (1990).

17 Cl.Ct. 653, 658–59 (1989) (individual certifying never visited the worksite). Regardless, plaintiff has not established that Jon Elmgren is a senior company official.

The second regulatory alternative would require Jon Elmgren to be an officer of the contractor in order to be eligible to certify the claim. 48 C.F.R. 33.207(c)(2)(ii). Plaintiff conceded at oral argument that Jon Elmgren is not an officer of either National or Fireman's Fund. Tr. 14. Therefore, plaintiff fails to comply with the second requirement.

## CONCLUSION

For the foregoing reasons, the court does not have subject matter jurisdiction and, therefore, defendant's motion to dismiss is granted. The Clerk is directed to dismiss plaintiff's complaint without prejudice. No costs.

IT IS SO ORDERED.