933 F.2d 996
 37 Cont.Cas.Fed. (CCH) 76,095
 The UNITED STATES, Appellant,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Appellee.
 No. 90-1474.
 United States Court of Appeals,
Federal Circuit.
 May 20, 1991.
 
 Deborah A. Bynum, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for appellant. With her on the brief, were Stuart M. Gerson, Asst. Atty. Gen. and David M. Cohen, Director.
 John G. DeGooyer, Hopkins & Sutter, Washington, D.C., argued, for appellee. With him on the brief, was Ronald A. Uitz, of counsel.
 Before MARKEY,* MICHEL, and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 The United States appeals the decision of the Armed Services Board of Contract Appeals ("Board"), Appeal of Newport News Shipbuilding and Dry Dock Co., ASBCA No. 36751, 1990 WL 57424 (Apr. 26, 1990), granting summary judgment to appellee, Newport News Shipbuilding and Dry Dock Company ("Newport News"), and holding that it had subject matter jurisdiction to entertain Newport News' contract claim. As to jurisdiction, the Board based its decision on the ground that the government failed to create a genuine issue of material fact, precluding summary judgment on the merits, because it did not offer any evidence that Newport News' Executive Vice President did not have overall responsibility for the company's affairs and thus was not qualified under the applicable regulation to certify its claim. Because the Board correctly decided that no genuine issue of fact existed concerning jurisdiction--the only issue on appeal--we affirm.
 
 BACKGROUND
 
 2
 On August 29, 1986, the Defense Contract Audit Agency ("DCAA") suspended payments under 33 contracts with Newport News "because the contractor denied [it] access to tax return information and financial statement data." Newport News, slip op. at 2. The amount withheld totalled $1,162,125. Id. On February 6, 1987, Newport News filed a claim for the entire amount withheld plus interest. The claim was certified by J.E. Turner, Jr., as Executive Vice President of Newport News, and received by the Navy contracting officer on February 9, 1987. Id.
 
 
 3
 While the contracting officer's decision was pending, DCAA issued a subpoena duces tecum demanding production of additional financial documents from Newport News. Although it produced some of the requested documents, Newport News also filed suit in federal district court, attempting to invalidate the subpoena. The government moved for enforcement, but its motion was denied. United States v. Newport News Shipbuilding and Dry Dock Co., 655 F.Supp. 1408 (E.D.Va.1987). The government appealed the denial to the United States Court of Appeals for the Fourth Circuit, which affirmed the district court's order. United States v. Newport News Shipbuilding and Dry Dock Co., 837 F.2d 162 (4th Cir.1988).
 
 
 4
 While a second appeal to the Fourth Circuit concerning the DCAA's subpoena power was pending, United States v. Newport News Shipbuilding and Dry Dock Co., 862 F.2d 464 (4th Cir.1988), DCAA released the amounts withheld from Newport News. In a final decision dated February 8, 1988, the contracting officer denied Newport News' claim for interest "because the costs were properly suspended when they were considered not to constitute allowable cost reimbursable at the time." Letter from C.G. Griffith, Contracting Officer, to Newport News (Feb. 8, 1988). Newport News appealed the decision to the Board on the issue of the entitlement to interest. The government opposed Newport News' summary judgment motion by challenging, inter alia, "jurisdiction on the basis of claim certification by an improper person." Govt. Br. at 4.
 
 
 5
 In its decision granting summary judgment, the Board held that the claim was properly certified, and thus, it had jurisdiction to hear Newport News' appeal. Newport News, slip op. at 4. As to the merits, the Board concluded that Newport News was entitled to interest on the amounts withheld because "[o]nce the monies were paid by the contracting officer, both the underlying basis for their retention and the reason for their payment became irrelevant." Id. at 5.
 
 
 6
 On appeal to this court, the government challenges only the Board's threshold rulings that certification was proper and therefore it had jurisdiction to decide the claim.
 
 Jurisdiction and Standard of Review
 
 7
 Our jurisdiction over appeals from decisions of boards of contract appeals arises under 28 U.S.C. Sec. 1295(a)(10) (1988) (exclusive jurisdiction from a final decision of an agency board of contract appeals under the Contract Disputes Act), and our review is limited by the Contract Disputes Act. A Board decision on an issue of fact will not be set aside unless it "is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. Sec. 609(b) (1988). On questions of law, however, Board decisions are neither final nor conclusive, but are "freely reviewable." American Elec. Laboratories, Inc. v. United States, 774 F.2d 1110, 1112 (Fed.Cir.1985).
 
 DISCUSSION
 
 8
 The Contract Disputes Act requires that for a claim against the government totalling more than $50,000:
 
 
 9
 the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.
 
 
 10
 41 U.S.C. Sec. 605(c)(1) (1988). Clearly, for a claim like this one where the contractor sought over $1.1 million before the Board, proper certification was required. United States v. Grumman Aerospace Corp., 927 F.2d 575, 578 (Fed.Cir.1991); W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338 (Fed.Cir.1983).
 
 
 11
 The Federal Acquisition Regulations ("FAR"), which implement the Act, limit the corporate officials who may certify a claim to:
 
 
 12
 (i) A senior company official in charge at the contractor's plant or location involved; or
 
 
 13
 (ii) An officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.
 
 
 14
 FAR 33.207(c)(2), 48 C.F.R. Sec. 33.207(c)(2) (1990). Failure to comply with section 605(c)(1) of the Act and its implementing regulations deprives the Board of jurisdiction to hear the claim. Grumman Aerospace, 927 F.2d at 579; see Ball, Ball & Brosamer, Inc. v. United States, 878 F.2d 1426, 1428 (Fed.Cir.1989) (certification requirement is a jurisdictional prerequisite); W.M. Schlosser Co., 705 F.2d at 1338 ("Unless the claim was certified when it was submitted to the contracting officer, the Board should have neither heard nor ruled on the appeal.").
 
 
 15
 The government argues that the Board should not have granted summary judgment because a genuine dispute of material fact had been shown regarding whether Mr. Turner was a proper individual to certify the claim. In its Opposition to Newport News' Motion for Summary Judgment before the Board, the government set out its challenge to Newport News' certification:
 
 
 16
 There also appears [sic] to be certain underlying assumptions of fact on Newport News' part as to the propriety of the certification of its claim on February 6, 1987. The propriety of its certification is disputed. The record, as it now stands, contains no information that the certifying official is the proper person to certify and by title, he appears not to be the proper official namely the one in charge at the plant or location in question.
 
 
 17
 Memorandum of Points and Authorities in Support of Respondent's Opposition to Appellant's Motion for Summary Judgment, at 5-6. On review of the record, we have not located any additional contentions or evidence by the government disputing the propriety of the certification.[1]
 
 
 18
 As Newport News points out, below the government only contended that Mr. Turner does not satisfy the regulation's first subparagraph: that certification may be performed by a senior official in charge at the plant or location involved. While the government correctly asserted that the record could not support such a finding, Newport News argues that analysis under subparagraph (i) is not relevant since Mr. Turner's certification was intended to operate under the alternative provision, subsection (ii); that is, he is a corporate officer with overall responsibility for the conduct of the contractor's affairs. For that proposition, Newport News argues, the record is not, as the government alleges, without "information." On the contrary, Newport News contends that the Board had sufficient information on which to base its decision. It is uncontested that Mr. Turner is Newport News' Executive Vice President and that his certification so identifies him. In addition, in its reply brief to the government's Opposition, Newport News specifically asserted that Mr. Turner had "unlimited authority to bind the Company and has overall responsibility for the conduct of its affairs."[2] Appellant's Reply to Respondent's Opposition to Appellant's Motion for Summary Judgment, at 6.
 
 
 19
 Newport News asserts that this information, taken together, is legally sufficient to support the Board's determination. The government, on the contrary, contends on the basis of its conclusory statements presented in its Opposition that we are obligated to remand this case so that discovery can take place, and the Board can "sift and weigh the relevant evidence." Govt. Br. at 15. Instead, the government argues, "the [B]oard relied upon the bald assertion by [Newport News] that the [E]xecutive [V]ice [P]resident, apparently based solely upon his title, had overall responsibility for the conduct of its affairs." Id. However, as discussed above, this is not a case where the information supporting the Board's jurisdiction is facially insufficient.
 
 
 20
 Indeed, in light of the relevant case law, it is clear that Newport News' allegations are not, as the government characterizes them, "bald assertion[s]," but form a substantial basis for the Board's decision that under subparagraph (ii) Mr. Turner properly certified the claim. The government cites a litany of cases in which this and other courts have dismissed actions premised on claims certified by an unqualified corporate employee. However, in each of those cases, the certifier, simply by title and/or by the contractor's own description of the official's duties, was plainly not qualified under either provision of the regulation to certify claims.[3] E.g., Grumman Aerospace, 927 F.2d at 580 (contractor alleged that certifier, a senior vice president and treasurer, had only "overall responsibility for the [contractor's] financial affairs") (emphasis added); Ball, Ball, & Brosamer, 878 F.2d at 1426 (chief cost engineer); W.H. Moseley Co. v. United States, 677 F.2d 850, 230 Ct.Cl. 405 (economist), cert. denied, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); National Sur. Corp. v. United States, 20 Cl.Ct. 407 (1990) (senior surety claims specialist); Donald M. Drake Co. v. United States, 12 Cl.Ct. 518 (1987) (a project manager with limited managerial responsibility); Al Johnson Const. Co. v. United States, 19 Cl.Ct. 732 (1990) (project manager without authorization to certify); Romala Corp. v. United States, 12 Cl.Ct. 411 (1987) (contractor's attorney).
 
 
 21
 By upholding the Board's decision, the government contends that we will "shift the burden of establishing jurisdiction" to the defendant. On the contrary, the Board, after weighing the relevant information, determined that "[s]ince the Government has offered no evidence or proffer that [Mr. Turner] lacked the required responsibility at the time he executed the certification, we find no basis for concluding that the certification was not valid." Newport News, slip op. at 4. The "burden" being imposed by the Board is not "demonstrating jurisdiction," as the government alleges, but that of creating a genuine issue of material fact so as to preclude summary judgment.[4] Here, Newport News' uncontested allegation that the claim was certified by its Executive Vice President who, by analogy to the Chief Executive Officer, apparently possessed overall responsibility for the affairs of the company, shifted merely the burden of creating a genuine issue to the government. The party opposing summary judgment must do more than show that "some metaphysical doubt" exists as to the material facts to create a triable issue. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986) ("the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " (Emphasis in original.) (Citations omitted.)).
 
 
 22
 Before the Board, the government offered nothing more in response to Newport News' submission that its claim was certified by the Executive Vice President, than a short conclusory statement that "he appears not to be the proper official ... in charge at the plant or location in question" under subparagraph (i) and no specific contentions that he was not a proper certifier under subparagraph (ii). Newport News does not contest that Mr. Turner could not certify the claim under subparagraph (i): He is not a plant manager or a senior company official in charge at the plant or location where the contract was being performed.
 
 
 23
 As the Board correctly reasoned, particularly in light of the information presented by Newport News, the government was required to submit some sort of evidence or specific, substantiated allegation that this corporation's Executive Vice President "lacked the required responsibility at the time he executed the certification." Newport News, slip op. at 4. Only by making such a presentation to the Board could the government arguably have created a genuine issue of material fact precluding summary judgment. However, the government clearly did not do so. Aside from its assertions under subparagraph (i), it merely said the propriety of the certification was "disputed." To hold, as the government requests, that such non-specific, and indeed, at least in respect to the regulation's second test, irrelevant, assertions can create a genuine issue of material fact as to whether a corporation's executive vice president may certify a claim could needlessly require boards of contract appeals to hold mini-trials on jurisdiction, thereby precluding proper resort to summary judgment and wasting scarce Board resources. This we decline to do. Indeed, to hold otherwise in a case where, as here, a claim is certified by the executive vice president, and remand for discovery and a possible trial as to his authority in the absence of any evidence that he lacked overall responsibility, would be absurd.
 
 CONCLUSION
 
 24
 The Board correctly concluded that no genuine issue existed concerning whether Mr. Turner, Newport News' Executive Vice President, was qualified to certify its claim. Therefore, the decision of the Board holding that it had jurisdiction over this case was correct and its otherwise undisputed grant of summary judgment is accordingly
 
 
 25
 AFFIRMED.
 
 
 
 *
 Although Judge Markey was a member of the panel hearing this case, he retired on April 30, 1991 and therefore took no part in its disposition
 
 
 [1]
 Of course, we recognize that jurisdiction may be challenged at any time, even on appeal, and by no means do we imply that the government, because of improper or deficient pleading before the Board, has waived, or could waive or moot an issue of the Board's jurisdiction. See Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); Grumman Aerospace, 927 F.2d at 580 ("Subject matter jurisdiction may be addressed at any time."). However, we do note that on appeal to this court, the government has still not cited any evidence that Mr. Turner was not a proper certifying officer
 
 
 [2]
 Whether Newport News was required to specifically plead that Mr. Turner has "overall responsibility for the conduct of the contractor's affairs" is not at issue. Indeed, it appears that the certification by a corporate officer, without explanation, necessarily implies that the contractor is representing that he has the requisite "overall authority," at least where his title is not inconsistent therewith. Cf. Grumman Aerospace, 927 F.2d at 581 (certification by senior vice president and treasurer). Apparently that is the case here, where Newport News' sole "Executive Vice President" is listed directly under the Chairman and President and above other corporate officers and officials. Standard & Poor's Register of Corporations, Directors & Executives, Vol. 1 (1991) at 1939
 
 
 [3]
 Indeed, if anything, our precedent suggests that an Executive Vice President, who, by title, clearly is a corporate officer with overall responsibilities, may certify a claim. Grumman Aerospace, 927 F.2d at 581 ("Certainly a [Chief Executive Officer] or one of equivalent status would satisfy" subparagraph (ii). (Emphasis added.)) Moreover, as noted above, the government has never disputed that Mr. Turner was Newport News' Executive Vice President at the time of certification and only complains on appeal that he was not proven to have had "overall responsibility." According to the government, "the record of the proceeding before the board is devoid of any evidence whatsoever of the nature of the duties, responsibilities, or even the authority of Mr. Turner." Govt. Br. at 16. However, the government's conclusion as to the sufficiency of the information on jurisdiction considered by the Board is not relevant to whether it created a genuine dispute before the Board
 
 
 [4]
 The Board was primarily concerned that
 [g]iven the state of the law, namely, that if the certification of a claim is invalid all proceedings are null and void, the Government certainly has an obligation to raise this issue as early in any Board proceeding as possible if it intends to challenge the authority of a particular officer to execute a valid certification. Further, it should be by appropriate motion or pleading, not included among numerous paragraphs opposing a motion for summary judgment.
 Newport News, slip op. at 4. However, while the government should have challenged the certification more properly in a motion to dismiss, the Board did not err by deciding its jurisdiction in relation to its grant of summary judgment. See, e.g., United States v. Kruger, 923 F.2d 587, 588 (8th Cir.1991) (defendant failed to create a genuine issue of material fact to preclude summary judgment on whether subject matter jurisdiction existed); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d Sec. 2713 (1983).