**SHIRLEY CONSTRUCTION CORPORATION,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–587C.**

United States Claims Court.

Aug. 7, 1991.

Benjamin A. Hubbard, Chesapeake, Va., for plaintiff.

Jonathan M. Kronheim, with whom was Asst. Atty. Gen. Stuart M. Gerson, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

HORN, Judge.

This case is before the court on defendant's Motion to Dismiss, pursuant to RUSCC 12(b)(1), for lack of subject matter jurisdiction. Defendant contends that plaintiff failed to properly certify its claim to the contracting officer before filing in this court, in accordance with the requirements of the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–613 (1988). Plaintiff's Reply alleges that Morgan C. Munford, Shirley Construction Corporation's Chief Estimator, properly certified the claim on behalf of the corporation. For the

reasons stated more fully below, plaintiff's complaint should be dismissed.

## BACKGROUND

There is no dispute as to the relevant facts. In plaintiff's Reply to Defendant's Motion to Dismiss, plaintiff stated that it "concurs generally with the Statement of the Case as set forth in the Defendant's brief, filed previously."

On September 14, 1988, plaintiff, Shirley Construction Corporation entered into a contract with the United States Department of the Navy. The contract called for the construction of Amphibious and Sealift Support Operations Facilities at the Naval Amphibious Base, Little Creek, Virginia Beach, Virginia, at a cost of $9,174,341.42, with a contract completion date of September 19, 1990. The contract was obtained through the use of a sealed bid, signed by Jack D. Smith, Vice President of Shirley Construction Corporation.

On February 14, 1989, David S. Baird, project manager for Shirley Construction, notified the Resident Officer in Charge of Construction (Resident Officer) that a mistake had been made by one of the subcontractors and expressed his desire to file a claim for the difference between the misquoted bid and the amount it would cost to do the work. In a letter dated March 10, 1989, the Resident Officer requested additional information from Shirley Construction, including plaintiff's original worksheets, the subcontractor's bid quotations, certifications by the bidder that the bid sheets were the originals and any other evidence which could help establish the mistake. On March 27, 1989, Morgan C. Munford replied with the requested information. On April 25, 1989, the contracting officer specifically requested the dollar amount of the alleged bid error and notified Shirley Construction of the certification requirement included in 41 U.S.C. § 605(c)(1).[1] Munford, in a May 2, 1989 letter, "certified" the misquoted bid

1. 41 U.S.C. § 605(c)(1) states: "For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable."

amount as $74,719.00.[2] The contracting officer's final decision, dated June 28, 1989, and received by plaintiff on July 3, 1989, rejected Shirley Construction's claim for contract reformation.

On June 29, 1990, plaintiff filed its complaint in the United States Claims Court, pursuant to 41 U.S.C. § 609(a)(1),[3] alleging that the contracting officer's refusal to reform the contract damaged plaintiff in the amount of $74,719.00. The complaint also alleges that the discrepancy in bids was so obvious as to charge the contracting officer with notice of the mistake. On March 27, 1991, defendant filed its motion to dismiss for lack of subject matter jurisdiction claiming that Shirley Construction's Chief Estimator, Morgan C. Munford, who signed the certification for plaintiff's claim, was not an appropriate person to certify such claim under 48 C.F.R. § 33.207(c)(2) (1990). Plaintiff filed its reply and defendant responded. Based on a review of the pleadings submitted by the parties, the court finds that the issues presented and the position of each of the parties are clear and that no oral argument is required.

## DISCUSSION

The issue before this court is whether Morgan C. Munford, Shirley Construction's Chief Estimator, was an appropriate person, under the applicable statute and regulations, to certify the plaintiff's claim.[4] Defendant argues that this court lacks subject matter jurisdiction because Mr. Munford was not a party authorized to certify a claim in accordance with the CDA, as implemented by 48 C.F.R. § 33.207 (1990). Plaintiff argues that the government's interpretation of the certification requirement acts as a "technical trap" and that it

should be construed more permissively to allow a corporate entity, not the government, to designate who should be entitled to sign the certification and bind the corporation.

The pertinent section of the CDA, as implemented by 48 C.F.R. § 33.207, states that a claim in excess of $50,000 shall be accompanied by a certification in accordance with the regulation. The implementing regulation defines two categories of people who can legally certify a claim on behalf of a corporate contractor. The first is a "senior company official in charge at the contractor's plant or location involved." 48 C.F.R. § 33.207(c)(2)(i). The other authorized person under the Act is "an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs." 48 C.F.R. § 33.-207(c)(2)(ii).

The certification requirement was enacted for the purpose of holding contractors personally liable for fraudulent claims. *See Skelly & Loy v. United States*, 231 Ct.Cl. 370, 376, 685 F.2d 414, 418 (1982); *Donald M. Drake Co. v. United States*, 12 Cl.Ct. 518, 519 (1987). The legislative history of the CDA evidences the importance Congress put on requiring that a claim be certified. Prior to the enactment of the certification requirement, Admiral Hyman G. Rickover stated the importance of discouraging the submission of unwarranted contractor claims and proposed the addition of the certification requirement. *Contract Disputes Act of 1978: Joint Hearings on S.2292, S.2787 & S.3178 Before the Subcomm. on Federal Spending Practices and Open Government of the Senate Comm. on Governmental Affairs and the Subcomm. on Citizens and Shareholders*

---

**2.** The word "certified" with the quotation marks appears In the Statement of the Case in defendant's Motion to Dismiss as follows: "By letter to the Contracting Officer of May 2, 1989, Mr. Munford 'certified' Shirley Construction's claim, and stated the amount claimed was $74,719." Presumably, the defendant was not conceding the case at bar by this sentence, but rather was using shorthand language only to describe the May 2, 1989 letter.

**3.** 41 U.S.C. § 609(a)(1) states that a contractor, instead of appealing to the Board of Contract Appeals, may bring an action directly in the United States Claims Court.

**4.** 48 C.F.R. § 33.201 (1990) defines a claim as a "... written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 33.201 (1990).

*Rights and Remedies of the Senate Comm. on the Judiciary*, 95th Cong., 2d Sess. 21 (1978). Admiral Rickover proposed that the Act should:

[r]equire as a matter of law that prior to evaluation of any claim, the contractor must submit to the Government a certificate signed by a senior responsible contractor official, which states that the claim and its supporting data are current, complete and accurate. In other words, you put the contractor in the same position as our working man, the income tax payer who must certify his tax return.

*Id.* at 21. Admiral Rickover contended that subjecting contractors to financial risk would greatly deter the submission of false or inflated claims. *See Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl. 11, 15, 673 F.2d 352, 355 (1982).

The court's subject matter jurisdiction in government contract cases is, in part, defined by whether or not the certification is validly executed under this regulation. *See National Surety Corp. v. United States*, 20 Cl.Ct. 407 (1990). In determining the validity of the certification, the regulation should be strictly construed. *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426 (Fed.Cir.1989); *National Surety*, 20 Cl.Ct. at 409; *Al Johnson Construction Co. v. United States*, 19 Cl.Ct. 732, 738 (1990). Therefore, following enactment of the CDA, "[u]nless the [certification] requirement is met, there is simply no claim that the court may review under the Act." *W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338 (Fed.Cir.1983) (quoting *Paul E. Lehman*, 673 F.2d at 355); *see also National Surety*, 20 Cl.Ct. at 410; *Arlington Alliance, Ltd. v. United States*, 231 Ct.Cl. 347, 357, 685 F.2d 1353, 1359 (1982).

■ The plaintiff asks this court to make a ruling that would proclaim the certification requirement as having been too stringently interpreted. In *National Surety*, however, the court held that "while concern may be raised that the certification requirement is drawn too narrowly, the Federal Circuit has directed that the regu-

lation be applied as written." *National Surety*, 20 Cl.Ct. at 411; *see also Clark Mechanical Contractors v. United States*, 12 Cl.Ct. 415, 416–17 (1987). Recently, in the United States Court of Appeals for the Federal Circuit, a majority Opinion again expressly held: "that the regulation is not unreasonable, and that it is in furtherance of congressional objectives [regarding certification], is unambiguous and must be applied literally." *United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 579 (Fed.Cir.1991).

To support its proposition that the government's interpretation of the certification requirement is overly restrictive, plaintiff cites to Judge Plager in *Grumman*, 927 F.2d 575. Plaintiff neglects, however, to inform the court that the language cited is from the dissenting opinion by Judge Plager, in which Judges Newman, Lourie and Radar joined, to the court's refusal to consider the case *en banc*.

Although as a judge of the United States Claims Court, I find myself bound by the precedent currently in force, and squarely on point on the issue of certification raised in the instant case, I am in total agreement with the language of the dissent in *Grumman*. I believe that Judge Plager and his colleagues are correct that the purpose of the certification requirement is to ensure that a claim is certified by a company official "able to speak for and bind the company regarding the claim." *Grumman*, 927 F.2d at 582. His reasoning on not piercing the corporate hierarchy to micro-manage the contractor by having either the executive branch or the court designate who should speak for corporate America is equally persuasive. And, I agree with the dissent that "the [majority] panel's pronouncement regarding what is required to certify a claim is not good law." This court believes it particularly is not good law in a public policy sense, although the weight of previous decisions is behind it.

This court and other judicial bodies spend far too much valuable time hearing motions to dismiss, brought by the government to challenge jurisdiction in government con-

tract cases on the basis of faulty certification, only to find the very same cases refiled, at a later date, following additional administrative procedures to conform with the certification requirements of the statute and the regulations. The result is an inefficient use of the time of the courts, the government and the plaintiffs.

The public policy purpose of the statute to hold contractors who do business with the government personally accountable and liable for fraudulent claims, and thereby, also to discourage such claims from being filed, can be achieved without the corporate micro-management which is the result of the current case law. Moreover, this same purpose could be achieved if the courts were to follow Judge Plager's suggestion at the end of his dissent that failure to certify should not be considered jurisdictional. *Grumman*, 927 F.2d at 583–84. This judge would welcome a new approach, by either the United States Court of Appeals for the Federal Circuit or by the Congress, which directs that failure to certify in accordance with the very narrow requirements currently in force is not jurisdictional. It is widely recognized that the litigious nature of our society has overextended the resources of the courts and adds an economic burden on businesses of all sizes through the costs of litigation. Here is a sensible and simple opportunity to ease all those burdens.[5]

■ In cases involving whether or not a claim was properly certified, the court must look to the specific facts of the case before it and apply the applicable statute and regulations to those facts. The CDA statute implementing regulations provide for two categories of persons authorized to execute certification for corporation. In the instant case, the certification would have been valid if Mr. Munford had been a "senior company official in charge at the contractor's plant or location involved," 48 C.F.R. § 33.207(c)(2)(i), or had been an "of-

ficer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs," 48 C.F.R. § 33.207(c)(2)(ii), at the time he signed the certification.

The location of the primary contract activity at issue here was the Virginia Beach Naval Base. There is no evidence in the record that Mr. Munford was "in charge" or even regularly present at the job site. *See National Surety*, 20 Cl.Ct. at 411. In an Appendix to defendant's Motion to Dismiss, the assistant Resident Officer stated that Mr. Munford visited the site no more than six times over the two and one-half year life of the contract. Therefore, because Mr. Munford was neither in charge, nor physically present on a regular basis at the location of the primary contract activity, under the facts presented herein, he cannot meet the requirements of 48 C.F.R. § 33.207(c)(2)(i). Having failed to meet the second portion of the test under 48 C.F.R. § 33.207(c)(2)(i), the question of whether the "Chief Estimator" was a senior official, need not be addressed.

The only hint of Mr. Munford's involvement with this contract is a general job description acknowledging that Shirley Construction allows Mr. Munford to certify claims and bind the contractor. Plaintiff argues that since the corporate hierarchy of Shirley Construction authorized Mr. Munford to certify claims, the court should not construe the applicable statute and regulations so as to allow the government to dictate Shirley Construction's internal management and decide who is authorized to sign the certification on plaintiff's behalf.

This argument must be rejected, as it was in *Ball.* In *Ball, supra,* Mr. Meeks, the "Chief Cost Engineer" had corporate authority to certify claims. The court in *Ball,* holding the certification in that case invalid, stated that the test was "not

**5.** This court also notes that already in 1983, the Administrative Conference of the United States (ACUS), in their Annual Report, issued Recommendation 83–1, supported by a Background Report prepared by Thomas J. Madden, Esq., for ACUS, which suggested that Congress should amend the CDA to allow a certification "to be made or amended at any point up to the issuance of their [the contracting officer, the Board of Contract Appeals, or the Claims Court] respective final decisions of the claim...."

whether the company treated Meeks as authorized to certify the claim, but whether Meeks fell into one of the two categories of persons which the regulation permits to certify claims." *Ball,* 878 F.2d at 1428; *see also Al Johnson Construction,* 19 Cl. Ct. at 735–36. Like Mr. Meeks, Mr. Munford was neither "in charge" of, nor present at, the job site and under the Act and regulations, therefore, could not certify a claim based solely on what the corporation unilaterally alleged to authorize. In the instant case, because Mr. Munford did not meet the provisions of the statutory and regulatory language, he was not authorized to certify a claim under 48 C.F.R. § 33.207(c)(2)(i) (1990).

Mr. Munford's certification could also have been valid if he had been an "officer or general partner of the Contractor having overall responsibility for the conduct of the Contractor's affairs," at the time he signed the certification. 48 C.F.R. § 33.-207(c)(2)(ii). Plaintiff concedes that Mr. Munford does not meet this test. The answer to interrogatory 5A, signed by Mr. Munford, attached as an Appendix to defendant's Motion to Dismiss, and not disputed by the plaintiff, states that Mr. Munford is the most senior employee who is not a corporate officer.

### CONCLUSION

In sum, under the case law, whether the corporation allows, or even prefers, Mr. Munford to certify claims, unfortunately, is irrelevant. Under current, binding interpretations of the applicable, statutory and regulatory provisions, he did not have the authority to certify a claim. The attempt at certification by Mr. Munford was invalid. Defendant's Motion to Dismiss is, hereby, GRANTED.

IT IS SO ORDERED.