**VALCON II, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 90–296 C, 91–1137.**

United States Claims Court.

Nov. 14, 1991.

Dermot Rigg, Houston, Tex., for plaintiff.

Cynthia D. Walicki–Chan, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen and Thomas W. Petersen, Washington, D.C., for defendant.

## OPINION AND ORDER

TURNER, Judge.

Plaintiff brought these consolidated actions pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1988) (CDA). Defendant has moved to dismiss case No. 90–296 pursuant to RUSCC 12(b)(1) for lack of jurisdiction, alleging that plaintiff failed to comply with the certification requirement of the CDA and an implementing regulation. (No jurisdictional impediment is currently asserted with respect to case No. 91–1137.) For reasons given below, we conclude that the motion should be denied.

### I

On April 1, 1987, the National Aeronautics and Space Administration entered into a construction contract with plaintiff, Valcon II, Inc. During the course of Valcon's performance of the contract, the parties had several disputes. As a result, Valcon submitted a claim to the contracting officer demanding payment in the amount of $169,991.98. The claim was accompanied by the following certification:

> The undersigned, T.F. Jones, Vice–President of Valcon II, Inc., the Contractor under Contract NAS9–17788 hereby certifies that the claim made herein is made in good faith; that the supporting data attached hereto as Exhibits 1 through 10 are accurate and complete to the best of Contractor's knowledge and belief; and that the amount requested by Contractor accurately reflects the Contract adjustment for which the Contractor believes that NASA is liable.

The contracting officer rendered a final decision in October 1989 accepting some claims and denying others. On April 5, 1990, plaintiff filed the complaint in case No. 90–296. Thereafter, defendant moved to dismiss the complaint for failure to submit a properly certified claim to the contracting officer on the ground that T.F. Jones was not a person who could lawfully certify a claim for Valcon.

### II

The CDA requires that claims over $50,000 be certified. 41 U.S.C. § 605(c)(1). It is well settled that certification is a jurisdictional prerequisite to proceeding with a claim under the CDA. *See United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 579 (Fed.Cir.1991); *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426, 1428 (Fed.Cir.1989). In addition, Federal Acquisition Regulations (FAR), 48 C.F.R. § 33.207(c)(2) (1990) defines two categories of individuals within a corporate contractor's organization who may properly certify claims for the contractor. The first is "[a] senior company official in charge at the contractor's plant or location involved," FAR § 33.207(c)(2)(i); the other is "[a]n officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs," FAR § 33.207(c)(2)(ii).

#### A

At oral argument on November 12, 1991, plaintiff's counsel stipulated that T.F. Jones, though a senior company official, was not in charge at the location involved in this case and further acknowledged, because plaintiff is a corporation, that Jones was not a "general partner" within the meaning of the applicable regulation. *See* FAR § 33.207(c)(2)(i) & (ii). Consequently, the critical issue remaining in resolving defendant's motion to dismiss case No. 90–296 is whether Jones was, at the time of certification, an officer of plaintiff corporation "having overall responsibility for the conduct of [its] affairs." *See* FAR § 33.207(c)(2)(ii).

#### B

The second category of certifying corporate representative, defined in FAR § 33.207(c)(2)(ii), has been interpreted to require " 'overall responsibility for the conduct of the contractor's affairs' in general." *Grumman*, 927 F.2d at 580. In *Grumman*, the Federal Circuit made it clear that responsibility for a particular aspect of a company's business is not sufficient to meet the "overall responsibility" test. *See*

*id.* (holding that senior vice president in charge of financial affairs could not properly certify under second prong of test).

Plaintiff argues that *Grumman* can be distinguished from this case because it involved a much larger corporation. The FAR does not specify that it is applicable only to large publicly-held corporations. Accordingly, we infer no such limitation.

Nevertheless, it is true that the division of duties in smaller corporations is usually less defined than in corporations the size of Grumman Aerospace. We take account of this fact by examining the specific responsibilities of the officer who certified the claim. For example, in *Aleman Food Services, Inc. v. United States*, 24 Cl.Ct. 345, 355 (Cl.Ct.1991), this court held that the secretary/treasurer of a small business met the "overall responsibility" prong because he and the other shareholder who was "President" shared responsibility for all the major decisions.

### III

T.F. Jones, the individual who certified the claim on behalf of Valcon, was a vice-president and secretary of Valcon at the time of the certification. In connection with this contract, Jones was responsible for administrative and financial matters. Specifically, Jones' duties included preparing payroll, submitting and certifying claims for payment, approving invoices from suppliers, preparing tax reports, and negotiating and signing many of the contract modifications. Jones conducted his duties from the business office of Valcon, and visited the construction site associated with this contract approximately six times over the course of the 18–month period of construction.

The day-to-day management of the construction project was the responsibility of Newman Foster Baker, Sr., president of Valcon. The person who was responsible for field supervision of the project reported directly to Baker. Also, Baker signed the contract and attended project meetings. Although Jones went to two meetings on this project, he went in order to assist Baker and to take notes.

Plaintiff is a small closely-held corporation with few employees. Both Baker and Jones were shareholders of the corporation and had been since its formation. Together they owned 50% of its stock. Both were directors of the corporation and both were senior officers. Both Baker and Jones have submitted affidavits unequivocally stating that they shared overall responsibility for the conduct of plaintiff's affairs and that each had, at the time of certification, overall responsibility for the conduct of Valcon's affairs. Plaintiff's Response, 9/9/91, Appendix pp. 2, 59–60. Portions of depositions and affidavits submitted in connection with this case suggest that Baker was the field man who supervised operations in the field and Jones was the office man who supervised operation of the company's office, and their affidavits set forth that they shared overall responsibility for the affairs of the company.

Upon consideration of all deposition testimony and affidavits submitted in connection with defendant's motion to dismiss, we conclude that Baker (the president) and Jones (vice president and secretary) shared overall responsibility for the conduct of Valcon's affairs. It follows that the pertinent certification by Jones did not transgress FAR § 33.207(c)(2). As stated in *Grumman*, 927 F.2d at 581, "certification by a CEO is not required by the regulation or by [case law]."

### IV

Based on the foregoing, defendant's motion filed August 13, 1991 to dismiss case No. 90–296 for lack of jurisdiction is DENIED.

The stay of discovery pending resolution of defendant's dispositive motion imposed by order entered October 17, 1991 (by marginal notation on a motion filed October 10, 1991) is hereby VACATED AND DISSOLVED.