**TODD BUILDING COMPANY**

v.

**The UNITED STATES.**

No. 151–87C.

United States Claims Court.

Nov. 13, 1987.

F. Bartow Fite, and Bruce P. Babbitt, Seattle, Wash., attorneys, for plaintiff.

David B. Stinson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Barbara Lach, Veterans Admin., of counsel.

### OPINION

MARGOLIS, Judge.

Plaintiff requests this court reverse the decision of the Veterans Administration that denied plaintiff's claim for an equitable adjustment of a contract. The government has moved to dismiss, contending that the plaintiff's claim was not properly certified. After consideration of the entire record and oral argument, the government's motion is denied.

Plaintiff Todd Building Company (Todd) entered into contract no. V101C–1187, project no. 648–037S, with the Veterans Administration (VA) for the construction of a nursing home in Vancouver, Washington. In the course of performing the contract, Todd subcontracted with NGC Investment and Development, Inc. d/b/a Window Supply Co. (Window Supply) for the installation of windows. The contract between Todd and the VA allegedly required windows with a baked enamel finish.

After Todd and Window Supply had entered into the subcontract, the VA requested that Todd use windows with a fluorocarbon finish rather than a baked enamel finish. When Todd informed Window Supply of this change, Window Supply objected because the substitution would cause additional expenses and claimed it constituted a change order. Although Todd informed the VA of Window Supply's objections, the VA directed that windows with a fluorocarbon finish be used. Todd complied with this request.

As a direct result of the change, on October 9, 1985, Todd submitted a claim for $87,709.79 to the VA pursuant to 41 U.S.C. § 605(a) for an equitable adjustment of the contract. The claim contained the certification language required by 41 U.S.C. § 605(c)(1) and was signed by Vivian Weinkauf, the Executive Assistant for Todd. The VA challenged Ms. Weinkauf's authority to certify the claim.

On November 21, 1985, Ms. Weinkauf sent a letter to the VA which stated that she had been "authorized, in the absence of any authorized signatories, to execute the Certification dated October 9, 1985." Donald E. Sheets, Todd's General Manager, had signed and confirmed the letter. With the letter, Ms. Weinkauf sent a photocopy of the October 9 claim. Mr. Sheets had signed the photocopy next to Ms. Weinkauf's signature, directly beneath the required certification language, as follows:

> I certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief; and that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable.
>
> [Signed] Vivian Weinkauf      [Signed] Donald Sheets

A year later, on November 24, 1986, the VA denied Todd's claim. On March 20, 1987, Todd filed this lawsuit, seeking $81,866.79 plus interest.

The government contends that this court does not have subject matter jurisdiction over Todd's claim because the claim was not properly certified. The government asserts three reasons why the claim was not properly certified: Vivian Weinkauf's certification was invalid because she was not authorized to bind the company; Mr. Sheets' subsequent ratification of Ms. Weinkauf's certification was void; and, Mr. Sheets' signature on the photocopy alongside Ms. Weinkauf's signature did not serve as a valid certification.

Section 605(c)(1) of the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982), requires that:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

This court may not exercise its jurisdiction under the Contract Disputes Act unless Todd's claim was properly certified at the time of its consideration by the contracting officer. See W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338 (Fed. Cir.1983); Paul E. Lehman, Inc. v. United States, 230 Ct.Cl. 11, 16, 673 F.2d 352, 355 (1982). In this case, Mr. Sheets signed the photocopy of the certification on November 21, 1985. The contracting officer denied the claim on November 24, 1986, just over a year later. Accordingly, the first question presented is whether Mr. Sheets' signature on the photocopied claim attached to the November 21 letter was a valid certification.

The government contends that by his signature, Mr. Sheets intended only to ratify Ms. Weinkauf's attempted certification, not to certify the claim himself. The government points out that Mr. Sheets neither dated his signature nor changed the personal pronoun in the certification language from "I" to "We."

The court disagrees. Mr. Sheets' certification is in full compliance with the certification requirements of the Contract Disputes Act. Prior to considering Todd's claim, the contracting officer was presented with a document containing the required certification language, and below the certification was the signature of Donald Sheets, the general manager of Todd. Both parties agree that Mr. Sheets had general supervisory authority over Todd's affairs and had full authority to represent and bind Todd. Although Mr. Sheets' signature on the certification was not dated, the cover letter provides the date on which the certification was executed. That date was a full year before the contracting officer considered Todd's claim.

Because a person qualified to bind Todd signed a document that contained precisely the language required by § 605(c)(1), that document was a valid certification. The certification was tendered before the contracting officer considered the claim. The Contract Disputes Act requires no more. Without merit is the argument based on the personal pronoun in the certification language. Because this court has concluded that the certification was valid, this court need not consider the government's other contentions.

For these reasons, the government's motion to dismiss is denied. Each party will bear its own costs.