**CHOGGIUNG LIMITED, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Nos. 157–89C, 90–3887C.

United States Claims Court.

Oct. 16, 1991.

Robert H. Wagstaff and R.R. De Young, Anchorage, Alaska, attorneys of record for plaintiff.

Margaret Lee Baskette, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

*Preliminary Matters*

These cases are contracts brought pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982) (CDA). Defendant has moved to dismiss these actions for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the United States Claims Court. The plaintiff vehemently opposes defendant's motion to dismiss its complaints. There are two issues—the first, whether certification by the *general manager* of Choggiung, the contractor, constitutes proper "certification" of a claim to a contracting officer; and secondly, whether *recertification*, during the pendency of a complaint in the United States Claims Court, can cure a jurisdictional defect. After careful consideration of the parties' submissions, this court concludes that the certification and recertification are legally inadequate and, therefore, the defendant's motions to dismiss for lack of jurisdiction are well pled.

*Facts*

Choggiung Limited (Choggiung or plaintiff) is an Alaska corporation created under the provisions of the Alaska Native Claims Settlement Act. Its corporate structure includes a nine-person board of directors and four officers, *i.e.*, president, vice-president, secretary, and treasurer. Mr. William Tennyson is both president of the board of directors and president of the corporation. Authority over and responsibility for all of Choggiung's administrative and non-administrative employees rests with the general manager.[1] The general manager also possesses overall responsibility for the operations of Choggiung. On October 1, 1984, Choggiung entered into a two-year employment agreement with Lloyd Stiassny to become its general manager. Pertinent to the issues herein, the relevant provisions therein are as follows:

1. Employment: Employer hereby employs, engages, and hires Employee as General Manager, engaged in management and other administrative activities on behalf of Employer.... Employee shall perform such other duties as are customarily performed by one holding such position ... and shall also additionally render such other and unrelated services and duties assigned.... Employee shall report to and shall be supervised by the President of the Employer.

2. ... Such duties shall be rendered at the City of Dillingham, State of Alaska, and at such other places as Employer shall ... require.

3. Term of Employment. The term of this agreement shall be a period of two (2) years, commencing on January 1, 1985 and terminating on December 31, 1986....

\* \* \* \* \* \*

11. Employee's Inability to Contract for Employer. ... *Employee shall not have the right to make any contracts or commitments for or on behalf of Employer without first obtaining the written consent of Employer.*

12. Modification of Contract. No ... modification of this agreement or of any covenant, condition or limitation herein contained shall be valid *unless in writing and duly executed* ... and no evidence of any waiver or modification shall be offered or received in evidence of any proceeding ... or litigation ... unless such waiver or modification is in writing, duly executed as aforesaid....

(emphasis added).

On June 20, 1985, Choggiung and the United States Department of Health and

---

1. In the *post litem motam* affidavit of Mr. William Tennyson, president of Choggiung, dated January 30, 1990, he avers that "[i]n Choggiung's corporate organization, the title of 'business manager,' 'corporate manager,' and 'general manager' are synonymous; *i.e.,* those titles are used interchangeably by one person."

Human Services entered into a contract for the construction of the Bristol Bay Comprehensive Health Care Facility in Dillingham, Alaska. The contract was issued and administered by the Health Resources Services Administration, Alaska Area Native Health Services (hereinafter "Indian Health Service" or "IHS"). In connection with the start-up of construction, the plaintiff alleges that the government delayed issuance of its notice to proceed. In addition, the plaintiff alleges that the government also provided Choggiung with construction plans which were significantly different from the design plans previously received by Choggiung and utilized by it in preparing the original proposal. As a result, therefore, Choggiung alleges that it incurred additional recoverable costs not covered in the construction award.

After a determination of the amount of these alleged costs, Choggiung avers that it gave notice to Mr. Stiassny to prepare and certify claims to the appropriate contracting officer. Thereafter, on April 22, 1987, two claims were submitted to the contracting officer.[2] Both claims were signed by Lloyd Stiassny, the general manager. Later, and by letter dated January 6, 1988, Mr. Stiassny signed and submitted a third claim, ostensibly fully certified, to the contracting officer for alleged indirect costs incurred during the course of the contract.[3] On January 31, 1989, the IHS contracting officer denied all of Choggiung's claims.

Choggiung filed a complaint on March 22, 1989, in the Claims Court, pursuant to the CDA, 41 U.S.C. § 609(a)(1). On January 29, 1990, however, Choggiung resubmitted the three identical claims, *supra*, to the contracting officer. The only difference was that these three claims were signed and submitted to the contracting officer by William Tennyson, president of Choggiung, rather than by Mr. Stiassny, *after* the March 22, 1989 complaint had been filed. On February 22, 1990, the contracting officer again denied and returned said submissions to Choggiung.[4] Based on the aforementioned facts, the defendant filed a motion to dismiss Choggiung's complaint on jurisdictional grounds on January 11, 1991. The plaintiff opposes the motion.

*Contentions of the Parties*

1. The CDA and Certification

The governing law of this case is the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.* The CDA requires that contractors certify all claims over $50,000. 41 U.S.C. § 605(c)(1). When the contractor is not an individual, however, as is the case here, the Federal Acquisition Regulations ("FAR") explicates who must certify contract claims. 48 C.F.R. § 33.207(c)(2). In addition, the certifier must have authority to bind the contractor. *Universal Coatings/Won Ill Co. v. United States*, 24 Cl. Ct. 241, 244 (Cl.Ct.1991); *Triax Co. v. United States*, 20 Cl.Ct. 507, 511 (1990) (an individual "can certify a claim so long as he or she falls within one of the two regulatory categories of FAR 33.207(c)(2), and so long as he or she has authority to bind the contractor.")

---

2. The first claim, in the amount of $142,926, was for damages caused by the alleged late notice to proceed. The second claim, in the amount of $415,113, was for damages caused by the alleged variances in the plans.

3. The amount of the third claim was $745,683. By letter dated January 7, 1988, legal counsel for Choggiung submitted a similar claim on the alleged additional indirect costs. The only difference in the indirect costs claim submitted by Choggiung's legal counsel was that it was signed by John Mattoon, the *project manager* for Choggiung. Defendant argues in its Motion To Dismiss that Mr. Mattoon was neither a "senior company official" nor "an officer or general partner," and therefore not a proper authority

to certify a claim. However, in Plaintiff's Opposition To Defendant's Motion To Dismiss, Choggiung states that they are not intending to rely upon the certification of Mr. Mattoon. Therefore, this court will not rule on the validity of Mr. Mattoon's certification. *See Donald M. Drake Co. v. United States*, 12 Cl.Ct. 518 (1987) (certified claim by project manager held invalid because contractor had not given him its consent to approve claim).

4. Due to the common questions of law and fact involved in these two cases, the United States Claims Court ordered consolidation of the two cases pursuant to Rule 42(a) on January 31, 1991.

## 2. The Defendant

In its motion to dismiss, the defendant argues that the plaintiff has not met the jurisdictional requirements of the CDA regarding proper certification to the contracting officer prior to this court obtaining jurisdiction. Defendant attacks both plaintiff's attempts (*i.e.*, on April 22, 1987 and January 6, 1988) at certification and recertification. First, the defendant contends that Mr. Stiassny, the general manager, does not possess the necessary authority to bind Choggiung. Also, the defendant claims that, as a result of this lack of authority, Mr. Stiassny does not possess the requisite status of senior company official or officer of Choggiung, as required under 48 C.F.R. § 33.207(c)(2). Secondly, the defendant contends that in addition to the fact that the three claims were not initially properly certified, the belated attempt by Choggiung to recertify the claims by the company president, once the claims were filed and pending, will not cure the jurisdictional defect.

With respect to its first contention, the defendant relies on the October 1, 1984 employment agreement between Choggiung and Mr. Stiassny and Resolution 83–17, dated November 2, 1983, passed by Choggiung's board of directors. The two-year employment contract, as noted *supra*, provided that Mr. Stiassny did not have the right to "make any contracts or commitments for or on behalf of [Choggiung] without first obtaining the written consent of [Choggiung]." The Board resolution authorized the "business manager," Mr. Stiassny, to *negotiate* the proposed terms of the contract and any amendments thereto. The board of directors only gave Mr. Tennyson, the president, the authority to *execute and sign* the contracts. Without the necessary authority to bind Choggiung, the defendant contends that Mr. Stiassny could not submit a properly certified claim.

The defendant further argues that during the filing of the third claim (*i.e.*, January 8, 1988), Mr. Stiassny's employment contract had ended and he remained, thereafter, only as a consultant to Choggiung. As a result, defendant contends that an outside consultant cannot be considered a proper authority to certify claims.

With respect to the defendant's second argument, the fatal point against plaintiff is that since the complaint should be dismissed for lack of jurisdiction, those same jurisdictional requirements are not altered or satisfied by any attempt by Choggiung to "recertify" the three original claims, once a complaint was filed, by Mr. Tennyson's signature. Defendant also contends that, as a matter of law, while a claim is pending in this court, the contracting officer does not possess the requisite authority to even consider the same claims.

## 3. The Plaintiff

Conversely, plaintiff categorically contends that Mr. Stiassny has the proper authority to act on behalf of Choggiung. Moreover, plaintiff argues that even if Mr. Stiassny lacked the proper authority, its recertification by Mr. Tennyson, the president of Choggiung, cured any jurisdictional defects, *ab initio*, which may have existed.

With respect to plaintiff's first argument, the plaintiff does not rely on the employment contract or the board resolution, but rather on *post litem motam* affidavits prepared by Messrs. Tennyson and Stiassny.[5] Said affidavits state that Mr. Stiassny possessed the authority to contractually obligate Choggiung in connection with the performance of his duties as general manager. The affidavits also state that Mr. Stiassny possessed authorization to prepare, approve, certify, and submit Choggiung's claim to the contracting officer. The plaintiff hospitably argues that although the employment contract and the resolution were executed *pre litem motam*, they, nevertheless, should not be given considerable weight since Mr. Stiassny's responsibilities and duties were continually modified. Moreover, plaintiff contends that Mr. Stiassny's day-to-day participation

5. Mr. Tennyson's affidavit was signed on January 30, 1990. Mr. Stiassny's affidavit was exe- cuted on February 2, 1990.

in the administration of this particular project indicates that he was the senior company official for Choggiung. Plaintiff's argument is that the defendant's reference to the employment contract and board resolution misdirects this court away from Mr. Stiassny's true exercise of authority and control over the project, although they clearly represent efficacious business records.

Finally, with respect to plaintiff's second argument, *i.e.*, that their recertification through Mr. Tennyson was proper, the reason goes that it is efficacious simply because it confers the necessary jurisdiction. It makes little procedural sense, says plaintiff, to be required to dismiss these actions and simply refile under another signature. Moreover, the plaintiff, in essence, contends that not only is this an exercise in futility, but such a procedural requirement would exacerbate the administration of justice.

*Issues*

From the aforementioned contentions, there are two dispositive issues which must be addressed:

a. The first issue is whether Mr. Stiassny, the general manager of Choggiung, had the necessary position and authority to duly certify claims to the contracting officer; and

b. The second issue is whether recertification by a proper authority, the president of Choggiung, will cure a jurisdictional defect once a claim has been previously filed and is then pending in this court.

*Discussion*

1. Lack of Authority to Certify Claims

■ It is well settled that the filing of a properly certified claim with the contracting officer by the contractor is a prerequisite to the jurisdiction of this court, and

that the contractor's failure to do so requires that the action be dismissed. *Ball, Ball & Brosamer, Inc. v. United States,* 878 F.2d 1426, 1428 (1989); *Triax Co. v. United States,* 17 Cl.Ct. 653, 657 (1989) ("[t]he Court of Appeals for the Federal Circuit has repeatedly recognized that proper certification of a contract claim is essential to the Court's jurisdiction.").

■ The Contract Disputes Act (CDA) specifically requires that the certification shall be written and signed by the "contractor." 41 U.S.C. § 605(c)(1).[6] If the contractor is *not* an individual, the FAR requires that certification shall be executed by:

(i) A senior company official in charge at the contractor's plant or location involved; or

(ii) An officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

48 C.F.R. § 33.207(c)(2). It has also been established that the certifier must have authority to bind the contractor. *Triax Co. v. United States,* 20 Cl.Ct. 507, 511 (1990) (an individual "can certify a claim *so long as* he or she falls within one of the two categories of FAR 33.207(c)(2) and so long as he or she *has authority to bind the contractor*" (emphasis added).); *Ball, Ball & Brosamer,* 878 F.2d at 1428; *Cox Constr. Co. v. United States,* 21 Cl.Ct. 98, 103 (1990) ("*Ball* stands ... for the proposition that [the CDA] requires [that] a certification must be signed by an individual who has the authority to bind the [entity]"). Therefore, regardless of the individual's title within the company, if that individual does not possess the authority to bind the company, that individual cannot properly certify a claim to the contracting officer.[7]

---

6. Section 605(c)(1) provides in pertinent part that—"... For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable."

7. As stated by Congress, the purpose of the certification requirement is to "'discourag[e]

the submission of unwarranted contractor claims.'" *Paul E. Lehman Inc. v. United States,* 230 Ct.Cl. 11, 14, 673 F.2d at 354 (*quoting* S.Rep. No. 1118, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5239). The certification represents that the claim accurately reflects the contractor's estimated value of the claim. *KDH Corp. v. United*

The contracting officer of Indian Health Services denied Choggiung's claims for lack of proper certification. We agree with the contracting officer inasmuch as Mr. Stiassny did not possess appropriate authority to bind Choggiung.

■ First, while arguably Mr. Stiassny could be deemed to be a "senior company official," it is clear beyond cavil that he was *not* in charge at the contractor's plant involved, as required by 48 C.F.R. § 33.-207(c)(2)(i). This test requires that the authorizing individual is *both* a senior company official and that the individual has "both primary responsibility for the execution of the contract and a physical presence at the location of the primary contract activity." *United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 580 (Fed.Cir.1991).

According to Mr. Stiassny's employment contract and the board of directors' resolution, he was responsible for the overall management of Choggiung and its subsidiaries. However, according to his job description as "corporate manager," he was to act as a resource person in problem areas and was not to engage in the day-to-day operation of the construction project. Specifically, he was responsible for ensuring that policy decisions which were made by the board of directors were implemented. The project manager, who reported to Mr. Stiassny, was the person responsible for the overall organization and management of the specific project. Moreover, even assuming but not conceding that Mr. Stiassny possessed primary responsibility for the execution of this contract, he failed to possess the requisite physical presence at the location, *supra*. The project manager may have had the requisite physical presence, whereas Mr. Stiassny provided general periodic review.

Nevertheless, even if Mr. Stiassny did in fact possess the required physical presence, he was not in fact a senior company official. This requirement means that the person must be a senior official within the company, and "not merely the most senior

person at the site." *Al Johnson Constr. v. United States*, 19 Cl.Ct. 732, 736 (1990).

Mr. Stiassny had a mere two-year employment contract with Choggiung which provided that he did not have the right to make any contracts or commitments for or on behalf of Choggiung without first obtaining the written consent of Choggiung. In addition, a resolution passed by Choggiung's board of directors only authorized Mr. Stiassny to negotiate the proposed terms of the contract and any amendments to the contract. Such critical limitations are not generally imposed on a "senior company official." William Tennyson, president of the board of directors and president of Choggiung, had the authority to sign the contract and any amendments to the contract. As a result of these limitations on his authority to legally bind Choggiung, Mr. Stiassny, on this record, is incapable of serving as a senior company official who may properly certify a claim within the contemplation of the CDA. *Ball, Ball, & Brosamer*, 878 F.2d at 1428 ("the fact that [a company employee] may have had 'authority to sign and certify claims on behalf of the corporation' ... does not establish that [the employee is a senior company official who may] execute certifications of claims"); *Cox Constr. Co.*, 21 Cl.Ct. at 103 ("*Ball* stands only for the proposition that [the CDA] requires [that] a certification must be signed by an individual who has the authority to bind the [company]"); *Todd Bldg. Co. v. United States*, 13 Cl.Ct. 587, 589 (1987) ("[b]ecause a person qualified to bind [the company] signed a document that contained precisely the language required by § 605(c)(1) [of the CDA], that document was a valid certification"); *Donald M. Drake Co.*, 12 Cl.Ct. at 520 (although the project manager was responsible for overall project scheduling, coordinating, and monitoring, and in addition responsible for the overall coordination, drafting, and assembly of the claim, the fact that the executive vice-president of the company was responsible for the approval of the claim failed to establish that

*States*, 23 Cl.Ct. 34, 39 (1991). Therefore, by holding a contractor liable for misstatements,

miscalculations, and any other unsupported portion of the claim, the certification require-

the project manager also had proper authority to certify a claim).

The plaintiff claims that Mr. Stiassny's position at Choggiung was similar to the general manager's position in *Todd*. In *Todd*, the general manager had general supervisory authority over the contractor's affairs and had full authority to represent and *bind* the contractor. Plaintiff's argument that Mr. Stiassny had the authority to bind Choggiung rests on two grounds. First, plaintiff argues that the defendant characterized Mr. Stiassny's authority too narrowly by reference to the employment contract and the resolution, and that the defendant failed to consider the apparent enlargement of authority granted by the president and board of directors during the course of Mr. Stiassny's employment. Given plaintiff's argument, we find it surprising that no evidence was proffered to support plaintiff's contention. The writing in the employment agreement and resolution is unequivocally clear and gives plaintiff no comfort. Mr. Stiassny was employed in the position of general manager for two years and then became a consultant to Choggiung. During this entire period, there is not one scintilla of evidence that Mr. Stiassny exercised authority to bind Choggiung in any way, given the emphatic restrictions against making "any contracts or commitments" on behalf of Choggiung. Furthermore, the employment agreement specifically states that any "modification of ... [the] agreement or of any covenant, condition, or limitation" will *not* be valid "unless in writing and duly executed" by the party to be charged. Therefore, any change in Mr. Stiassny's specific lack of authority to bind Choggiung would have to be in writing and signed by the party to be charged. There is no evidence of any such modification to the employment agreement regarding a change in Mr. Stiassny's authority.

Secondly, the plaintiff relies on two affidavits signed by Messrs. Stiassny and Ten-nyson, president of Choggiung, on January 30, 1990 and February 2, 1990, respectively. Plaintiff's Opposition To Defendant's Motion To Dismiss was dated February 7, 1990. These affidavits state that Mr. Stiassny was a "senior company official" and that he possessed the authority to contractually obligate Choggiung in connection with the performance of his duties as general manager. The affidavits also state that Mr. Stiassny possessed authorization to prepare, approve, certify, and submit Choggiung's claims to the contracting officer.[8]

This court is reluctant to place much weight on these after-the-fact hospitable descriptions of Mr. Stiassny's authority. They are totally inconsistent with the specific and considerably more limited written authorization as stated in the employment agreement and resolution. The resolution granting Mr. Stiassny the power to negotiate the contract fails to make any reference to his authority to certify claims or otherwise bind the plaintiff. The board of directors clearly vested the power to sign contracts on behalf of Choggiung with the president or other officers of the corporation. Any verbal authority given to Mr. Stiassny in the face of the unambiguous employment contract is very difficult to understand given the clarity of that agreement, the resolution and the restated by-laws. *See Al Johnson Constr. Co.*, 19 Cl.Ct. at 735 (the court here similarly was reluctant to give much consideration to after-the-fact descriptions of a project manager's authority, where a supporting affidavit and deposition were inconsistent with a previously written letter reserving authority to the project sponsor).

Plaintiff also contends that Mr. Stiassny may be "[a]n officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs," as required under 48 C.F.R. § 33.-207(c)(2)(ii).[9] Mr. Stiassny is clearly not a

---

ment aims to reduce frivolous and unwarranted claims. *Id.*

8.  As noted previously, the fact that an individual has authority to sign and certify claims on behalf of the corporation does not, *ipso facto,*

establish that the individual satisfies either of the two prongs of 48 C.F.R. § 33.207(c)(2). *Ball, Ball, & Brosamer,* 878 F.2d at 1428.

9.  Although plaintiff raises the issue that Mr. Stiassny may be an "officer," plaintiff states in

general partner since Choggiung is a corporation. Moreover, Mr. Stiassny is not an officer. First, the by-laws of Choggiung create only four officers of the company—president, vice-president, treasurer, and secretary. Secondly, even if Mr. Stiassny possessed "overall responsibility for the conduct of the contractor's affairs," since he lacked authority to bind the company, he cannot satisfy this prong of 48 C.F.R. § 33.207(c)(2). *Donald M. Drake Co.*, 12 Cl.Ct. at 520; *compare Todd Bldg. Co.*, 13 Cl.Ct. at 588–589. (In this case, the general manager was held to have properly certified a claim. He held general supervisory authority over the company's affairs, as did Mr. Stiassny. However, the general manager in *Todd* also concomitantly possessed full authority to represent and bind Todd. This ability to bind Todd was the crucial factor.)

■ Finally, it must be addressed that when Mr. Stiassny filed the third claim for indirect costs allegedly owed to Choggiung, he was no longer *the* general manager of Choggiung, but rather he operated as a consultant to the company in connection with the winding up of his duties that he had as general manager.[10] A consultant may not properly certify a contractor's claim. This goes to the very foundation of 41 U.S.C. § 605(c)(1), which states that the contractor must certify the claim in good faith. Because of the significant role that certification plays in the statutory scheme, a consultant to a contractor clearly does not possess the requisite authority to certify. *See W.H. Mosely Co. v. United States*, 230 Ct.Cl. 405, 406–407 (1982) (certification by an economist hired to perform an economic valuation in support of a company's claim is not proper certification). *Westech Corp. v. United States*, 20 Cl.Ct. 745, 752 (1990) (Claims Court held that an individual who is no longer an employee of the contractor but rather a consultant is not capable of certifying a claim. The court rejected an agency theory of ratification.)

2. Recertification

■ Following Mr. Stiassny's submission of Choggiung's three claims to the contracting officer, Choggiung filed its complaint on March 22, 1989, pursuant to the CDA, 41 U.S.C. § 609(a)(1). While these claims were pending in this court, Choggiung resubmitted three identical claims to the contracting officer by letter dated February 1, 1990. The only difference was that these claims were certified by William Tennyson, president of Choggiung. Since this court has determined that the three claims submitted by Mr. Stiassny were not properly certified, this court must now address—whether the recertification on February 1, 1990, by a proper authority while a claim is pending in this court will cure a jurisdictional defect. This court is of the opinion that recertification on these facts is invalid, and that this court, therefore, lacks subject matter jurisdiction to hear the plaintiff's case.

Proper certification is a prerequisite to jurisdiction in the Claims Court. *National Sur. Corp. v. United States*, 20 Cl.Ct. 407, 409 (1990). Since the certification requirement is jurisdictional, the complaint must be dismissed if certification is defective. *Palmer & Sicard, Inc. v. United States*, 4 Cl.Ct. 420, 422 (1984); *Johns–Manville Corp. v. United States*, 855 F.2d 1571, 1572 (Fed.Cir.) (if the Claims Court was without jurisdiction under 28 U.S.C. § 1500 to decide substantive issues of the case, its decision will be void and must be vacated), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1988). It therefore follows that this court cannot hear Choggiung's claims, since they were not properly certified by Mr. Stiassny. Moreover, because the original certification was improper, "retroactive certification is [also] ineffective under the [CDA] and does not cure the

---

its opposition to defendant's motion to dismiss filed on February 8, 1990, that it is primarily relying on the issue of Mr. Stiassny's status as a "senior company official."

**10.** Mr. Stiassny began his full-time duties as general manager on December 15, 1984. On April 22, 1987, Mr. Stiassny filed the first two claims. In late December 1987, Mr. Stiassny left his position and became a consultant to the company. On January 6, 1988, he "certified" the third claim.

original failure to certify the claim." *W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338 (Fed.Cir.1983). This principle is well established.

In *National Sur. Corp.*, a contracting officer denied the plaintiff's claim. The plaintiff then filed a complaint in the Claims Court. Defendant claimed that the individual who certified the claim was not qualified. The Claims Court noted that since the certification requirement is jurisdictional, the complaint would have to be dismissed if certification was defective. 20 Cl.Ct. at 410. Moreover, the court stressed that the plaintiff could not attempt to properly certify the claim and have it apply retroactively. *Id.* n. 4. ("[R]ather, the complaint must be dismissed and [the plaintiff] can then properly certify the claim, resubmit the claim to the contracting officer, and if necessary, re-appeal the decision to ... the Claims Court."); *Aeronetics Div., AAR Brooks & Perkins Corp. v. United States*, 12 Cl.Ct. 132, 138 (1987) ("[if] this Court lacks jurisdiction [over the original claim], plaintiff's retroactive filing of a properly certified claim after judicial proceedings have been instituted is ineffective under the [CDA] and will not cure the original failure to properly certify the claim which is now before the Court ... [t]he plaintiff must submit a properly certified claim to the contracting officer and a decision must be rendered before this court can preside over the contract dispute.").

The plaintiff argues, however, that the circumstances of this case are different and that retention of jurisdiction by this court would be more appropriate. The plaintiff relies on *Fidelity Constr. Co. v. United States*, 700 F.2d 1379 (Fed.Cir. 1983). In *Fidelity Constr. Co.*, a contractor appealed the final decision of the contracting officer to the Department of Transportation Contract Appeals Board. At a pretrial conference, the Board advised the contractor that the certification requirement had not been met. After the docketing of the appeal, the contractor properly revised its claim according to the CDA. The properly certified claim was then submitted to the contracting officer and the Board. The plaintiff fails to realize, however, that there is a fundamental difference between actions pending in the Claims Court and those before a government board. *Dewey Elec. Corp. v. United States*, 803 F.2d 650, 654 (Fed.Cir.1986) ("there is not always 'precise congruence between the classical jurisdictional requirements applied to appeals from district courts and the jurisdictional requirements applicable to review of administrative proceedings.'") The claim filed in *Fidelity* was solely to the government agency and not to the Claims Court. A contractor's challenge in this court would constitute a totally separate action from that in *Fidelity*. Therefore, the decision in *Fidelity* has no bearing on this case with respect to the jurisdiction of this court.

## Conclusion

Based on the aforementioned discussion, this court finds that plaintiff's certification is insufficient to meet the strict standards of the CDA. Based primarily on Mr. Stiassny's lack of authority to legally bind Choggiung, the three claims submitted by him do not constitute proper certification. Therefore, this court lacks jurisdiction to hear this case.

In addition, plaintiff's attempt to properly "recertify" its claims does not cure the jurisdictional defect created by the original submission of the plaintiff. Once the plaintiff filed its claims in this court and they are then pending, any attempt to properly recertify a claim is ineffective for jurisdictional purposes.

Plaintiff, however, is not without relief. Notwithstanding this court's holding that it lacks jurisdiction, plaintiff has the option of resubmitting a properly certified claim to the contracting officer. *See Grumman Aerospace Corp.*, 927 F.2d at 581 (plaintiff has options to resubmit its claim to the contracting officer, and if it is denied plaintiff may appeal to either the board or to this court). Defendant's Motion To Dismiss is hereby granted without prejudice. The Clerk shall enter judgment accordingly. No costs.

IT IS SO ORDERED.