965 F.2d 1065
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JAMES M. ELLETT CONSTRUCTION COMPANY, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5071.
 United States Court of Appeals, Federal Circuit.
 April 24, 1992.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 James M. Ellett Construction Co., Inc. (Ellett) appeals the United States Claims Court's dismissal for lack of jurisdiction. James M. Ellett Constr. v. United States, No. 90-641C (Cl.Ct. Feb. 6, 1991). Because Ellett satisfied the Contract Disputes Act's (CDA) certification requirement, this court reverses.
 
 BACKGROUND
 
 2
 The United States Forest Service awarded Ellett a logging road construction contract in the Siskiyou National Forest (Contract No. 50-0M00-8-14C). The Government later reduced the scope of the contract. Ellett only constructed 4,000 feet of the proposed 2.7 mile road. The contract also entitled Ellett to salvage trees within a certain distance of the proposed road's centerline. The Government later sold the same trees to another entity, denying Ellett the salvage of the trees. Ellett seeks payment under the Contract Disputes Act, 41 U.S.C. §§ 601-13 (1988), for lost profit, settlement costs, and direct costs.
 
 
 3
 Ellett sent the contracting officer an exhaustively detailed letter giving notice of its claim pursuant to the CDA. The letter detailed the precise amount of Ellett's claim:
 
 
 4
 The purpose of this letter is to file formal notice of claim pursuant to the Contract Disputes Act of 1978.
 
 
 5
 ....
 
 
 6
 In summary, Ellett Construction claims a total of $545,157.19 in total damages in connection with the referenced contract.
 
 
 7
 Attached to the letter was a "verification" signed by Ellett's president:
 
 
 8
 I, James M. Ellett, an officer of James M. Ellett Construction, Inc., state that the attached claim is made in good faith and the supporting data is accurate and complete to the best of my knowledge.
 
 
 9
 The verification contained two of the three requirements for CDA certification. Ellett's letter contained the third requirement. See 41 U.S.C. § 605(c)(1).
 
 DISCUSSION
 
 10
 CDA certification serves to discourage submission of unwarranted and inflated contractor claims and to encourage settlement of contract disputes. E.g., Paul E. Lehman, Inc. v. United States, 673 F.2d 352, 354-55 (Ct.Cl.1982). The CDA states:
 
 
 11
 For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government to be liable.
 
 
 12
 41 U.S.C. § 605(c)(1).
 
 
 13
 This court has often examined the origins of the certification requirement. See, e.g., United States v. Grumman Aerospace, 927 F.2d 575, 579 (Fed.Cir.), cert. denied, 112 S.Ct. 330 (1991); Ball, Ball & Brosamer, Inc. v. United States, 878 F.2d 1426, 1428-29 (Fed.Cir.1989); Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1382-83 (Fed.Cir.), cert. denied, 464 U.S. 826 (1983). Congress enacted the requirement to counter the preparation of claims "with little relation to facts and intended only as a starting point for bargaining." Fidelity, 700 F.2d at 1382-83. When applying this statute to the facts before it, this court must be mindful of the purposes underlying the CDA certification requirement.
 
 
 14
 In United States v. General Electric, 727 F.2d 1567 (Fed.Cir.1984), this court permitted a contractor to cure a defective certification by reference to accompanying documents. General Electric did not "state the amount of its claim" or express its belief that the Government was liable in the body of its "Certification." This court, eschewing rigid formalities, found that documents accompanying the formal certification language satisfied this third certification requirement. Id. at 1569.
 
 
 15
 Following General Electric, this court finds that Ellett's detailed letter, which accompanied the "verification," includes the third certification requirement. In that letter, Ellett's attorney repeatedly claims entitlement to a specific amount from the Government. Ellett's certification package--the letter and the "verification"--certifies all that the CDA requires.
 
 
 16
 Moreover, because the "verification" by Ellett's president incorporates by reference the detailed letter, no question arises as to whether the proper party certified. See Grumman, 927 F.2d at 578-79. Ellett's president satisfied the requirements for jurisdiction under the CDA.
 
 CONCLUSION
 
 17
 Ellett's letter and "verification," taken together, satisfy the CDA's certification requirement. Therefore, the Claims Court has jurisdiction to hear Ellett's claim.